USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

PURCHASE PARTNERS, LLC,

               Plaintiff,

   -v-                                                   09 Civ. 9687 (JMF)

CARVER FEDERAL SAVINGS BANK,                 MEMORANDUM
                                                       OPINION AND ORDER
               Defendant,

   -v-

MARINER'S BANK and PAUL SCHMIDT, SR.,

               Third-Party Defendants.

------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

        On February 5, 2014, the Court granted the motion of Seidman & Pincus, LLC ("S&P"), former counsel of record to Plaintiff Purchase Partners, LLC ("Purchase Partners"), seeking an order fixing a charging lien against Purchase Partners. (Docket No. 311). Purchase Partners now moves, pursuant to Rules 52(b), 59, and 60 of the Federal Rules of Civil Procedure, for reconsideration of that ruling. (Docket Nos. 312-13).

        Although the standards vary somewhat among those Rules, it is well established that none of them is "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (internal quotation marks omitted), *cert. denied*, 133 S. Ct. 1805 (2013). Nevertheless, that is precisely what Purchase Partners seeks to do here, as the sole premise of its motion — that

1

the Court erred in applying New York law rather than New Jersey law — is directly contrary to the position that Purchase Partners itself took in connection with the original motion.  (*See* Docket No. 301, at 1 (stating that the relationship between Purchase Partners and S&P was "an attorney-client relationship arising solely under the law of the State of New York")).[1]

In light of the foregoing, Purchase Partners's motion for reconsideration is frivolous, if not sanctionable, and therefore DENIED.  Further, S&P's unopposed cross-motion seeking authorization to withdraw the amount of the lien from its IOLTA trust account is GRANTED.  The Clerk of Court is directed to terminate Docket Nos. 312, 313, and 314.

SO ORDERED.

Dated: March 31, 2014
New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] Putting aside the fact that Purchase Partners cannot now argue for application of New York law, the Court's application of New York law to the original motion was plainly proper in light of the parties' agreement that New York law should be applied.  *See, e.g.*, *Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011) ("[W]here the parties agree that New York law controls, this is sufficient to establish choice of law.").